IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**CHRISTOPHER L. HARRIS,**

      **Petitioner,**

v.                                                                          Case No. 1:13-cv-11595

**KAREN HOGSTEN, Warden,**
**Federal Correctional Institution-Welch**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

      Pending are Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1); Petitioner's Motion to Compel Production of Documents, (ECF No. 3); Application to Proceed Without Prepayment of Fees & Costs, (ECF No. 5), Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 6); Petitioner's Motion for Leave to File a Supplemental Brief, (ECF No. 7); Notice of Appeal, (ECF No. 9); Petitioner's Motion to Alter or Amend Judgment, (ECF No. 10); and Motion for Preliminary Injunction, (ECF No. 11). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

      The undersigned **GRANTS** Petitioner's Motion for Leave to File a Supplemental Brief, (ECF No. 7), and has considered Petitioner's additional arguments and citations in

addressing his Petitions for a Writ of Habeas Corpus. However, for the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Petitions for a Writ of Habeas Corpus be **DENIED**, that Petitioner's remaining motions also be **DENIED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court. The undersigned conclusively **FINDS** that Petitioner is not entitled to the relief requested; therefore, an evidentiary hearing is not required. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.  Procedural History

On May 17, 2013, Petitioner Christopher L. Harris ("Harris") filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On July 29, 2013, the undersigned ordered Harris to amend the petition using the approved forms in order for the Court to conduct a preliminary review under Rule 4 of the Rules Governing Habeas Corpus Proceedings. Harris has now filed an amended petition, as well as multiple motions, notices, and memoranda.

## II.  Discussion

In 1999, Harris was convicted in the United States District Court for the Southern District of Indiana of violations of 21 U.S.C. §§ 841 and 846, (ECF No. 6 at 1), and was sentenced to 300 months of imprisonment. He contends in the instant action that his ongoing incarceration is illegal because the Indiana District Court lacked jurisdiction over the parcels of property at which the alleged criminal activity occurred; consequently, the Court violated its "jurisdictional limitations" when it convicted and sentenced Harris. (ECF No. 6 at 6; ECF No. 7 at 2-3; ECF No. 8; ECF No. 11 at 1-2). Although Harris claims that he is not attacking the validity of his conviction and sentence, he requests that the Court "order the Government to show cause why the

2

arrest of the Petitioner should not be vacated forthwith," (ECF No. 7 at 4), and that he be released from custody "for [the Court's] violation of jurisdictional limitations." (ECF No. 6 at 8).

Title 28 U.S.C. § 2241 provides a general grant of habeas corpus authority. Nonetheless, 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under § 2241 is not an alternative to § 2255, and may be used to challenge the validity of a conviction or sentence only in rare circumstances when § 2255 is rendered "inadequate or ineffective." *Id.* at 333. According to the United States Court of Appeals for the Fourth Circuit, these are circumstances exist when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of [the prisoner's] conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34. Thus, a procedural barrier to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not constitute rare circumstances and will not render § 2255 "inadequate" or "ineffective." *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997).

Here, Harris argues that § 2255 is inadequate or ineffective to address his challenges, because the Government never filed a 40 U.S.C. § 255 Notice over the relevant parcels of property in Indiana, and the lack of "[n]otice before criminal proceedings may be initiated in order for the district court to apply the Federal Rules of Criminal Procedure within the State of Indiana, County of Madison, City of Anderson … is not an error subject to collateral attack under § 2255." (ECF No. 6 at 5). Harris cites

3

no legal support for this conclusory statement, nor does he allege that substantive law has changed such that the conduct for which he was convicted is no longer deemed to be criminal. Instead, he simply argues that "federal enclave jurisdiction" was lacking at the time of his arrest; thereby, voiding his subsequent conviction and sentence. (ECF No. 8).

Clearly, Harris challenges the validity of his conviction and sentence and states no recognized basis to find that a motion under § 2255 is inadequate or ineffective. Accordingly, Harris's petition is properly considered as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Unlike § 2241 petitions, which must be reviewed by the district in which the prisoner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside or correct the sentence. 28 U.S.C. § 2255. For that reason, jurisdiction to address this motion rests with the United States District Court for the Southern District of Indiana.

The undersigned has briefly considered Harris's claims under § 2255 to determine if his motion should be dismissed, or should be transferred to the Southern District of Indiana for further consideration. Under the amendments to § 2255 effected by passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court lacks jurisdiction to consider the merits of a second or successive § 2255 motion unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals and contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *See also United States v. Winestock,* 340 F.3d 200, 205 (4th Cir. 2003). In the absence of advance certification, the district court must dismiss any second or successive motion.

According to records docketed in the United States District Courts for the Southern District of Indiana and the Eastern District of California, Harris has already filed an unsuccessful § 2255 motion, as well as six additional petitions for habeas relief under § 2241.[1] Three of the habeas petitions were construed, in whole or in part, as second or successive motions under § 2255. Notably, the allegations and arguments forming the basis of one of those petitions, Case No. 2:13-cv-00269-LKK-JFM, were essentially the same as those stated in this action. Moreover, Harris apparently raised the same jurisdictional issues in the Southern District of Indiana in a flurry of fruitless Rule 60(b) motions, which were appealed to the United States Court of Appeals for the Seventh Circuit.[2] The Seventh Circuit found that, regardless of their caption, the motions sought relief under § 2255 and were improperly filed without prior appellate approval. The Seventh Circuit then dismissed the appeals for lack of a certificate of appealability, *see United States of America v. Christopher L. Harris,* Case No. 1:98-cr-

---

[1] This Court may take judicial notice of the content of court documents. *See Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989). On June 27, 2005, Harris filed an unsuccessful motion under 28 U.S.C. § 2255 in the United States District Court for the Southern District of Indiana, having Case No. 1:05-cv-963-DFH-TAB. Thereafter, in October 2011, April 2012, and June 2013, Harris filed petitions seeking habeas relief under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California. These petitions, having Case Nos. 1:11-cv-01722-BAM-HC; 1:12-cv-00512-LJO-DLB; 2:13-cv-00269-LKK-JFM, were construed, in whole or in part, as second or successive § 2255 motions and were dismissed. Finally, Harris filed three additional habeas petitions in the Eastern District of California that were dismissed under 28 U.S.C. § 2244 because they raised the same grounds addressed and resolved in a prior petition. Case Nos. 1:12-cv-00747-LJO- MJS; 1:12-cv-00938-AWI-DLB; 1:12-cv-01483-LJO-JLT.

[2] Appeal No. 13-1312. Notice of Issuance of Mandate was dated April 9, 2013. *See United States of America v. Christopher L. Harris,* Case No. 1:98-cr-00121-SEB-DKL (S.D. Ind.) at ECF No. 143.

00121-SEB-DKL (S.D. Ind.) at ECF No. 143, and further held:

> Our order of February 22, 2013, warned Harris that additional frivolous appeals (or requests for permission to initiate more collateral attacks) may subject him to sanctions. See *Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997). His response ignores *Alexander,* and by filing appeal No. 13-1395 on February 25 Harris demonstrated that he plans to continue with his campaign of frivolous motions and appeals. Accordingly, Harris fined $500, and the court enters an order in the form prescribed by *Alexander* providing that clerks of court within the circuit will return, unfiled, any future papers he tenders, until he pays the fine.

*Id.* at 4. Harris makes no representation that he has obtained certification from any circuit court to file another § 2255 motion and, in light of the foregoing, it is highly unlikely that he would be successful in obtaining appellate approval. Consequently, the petition filed herein should be dismissed with prejudice.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

1. Petitioner's Petition and Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, (ECF Nos. 1, 6);

2. Petitioner's Motion to Compel Production of Documents be **DENIED**, as moot, (ECF No. 3);

3. Petitioner's Application to Proceed Without Prepayment of Fees and Costs be **DENIED**, (ECF No. 5);

4. Petitioner's Notice of Appeal and Motion to Alter or Amend Judgment, (ECF Nos. 9, 10) be **DENIED,** as no judgment exists at this time that can be appealed, altered, or amended;

5. Petitioner's Motion for Preliminary Judgment be **DENIED**, as moot, (ECF No. 11); and

6. This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, Respondent, and any counsel of record.

**FILED**: October 29, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge