IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CHRISTOPHER L. HARRIS,

      Petitioner,

v.                             Civil Action No: 1:13-11595

KAREN HOGSTEN,
Warden
      Respondent.


**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), motion to compel production of documents (Doc. No. 3), application to proceed without prepayment of fees and costs (Doc. No. 5), amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 6), motion for leave to file a supplemental brief (Doc. No. 7), notice of appeal (Doc. No. 9), motion to alter or amend judgment (Doc. No. 10), and motion for preliminary injunction (Doc. No. 11). By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2). The magistrate judge submitted her proposed findings and recommendation ("PF&R") on October 29, 2013. (Doc. No. 14).

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R.  Petitioner filed objections to the PF&R on November 5, 2013.  (Doc. No. 15). Petitioner's objections are without merit for the reasons that follow.

## I.   __Background__

Petitioner was convicted in the Southern District of Indiana in 1999 for violations of 21 U.S.C. §§ 841 and 846. (Doc. No. 6 at 1).  Petitioner is currently serving a sentence of 300 months imprisonment for the conviction.  In this petition, like in previous petitions brought in the sentencing court, petitioner claims the sentencing court lacked jurisdiction over the parcels of property where the criminal activity occurred; consequently, petitioner alleges the district court in Indiana violated its "jurisdictional limitations." (Doc. Nos. 6 at 6, 7 at 2-3, 8, 11 at 1-2).

## II.  __Petitioner's Objections to the PF&R__

The magistrate judge concluded that the claims raised by petitioner in his § 2241 petition are ones properly considered under § 2255.  Because petitioner was sentenced in the Southern District of Indiana, and relief under § 2255 is not "inadequate or ineffective," the magistrate judge concluded that this court

2

is without jurisdiction to entertain the petition.   The
magistrate judge further determined that the petition should not
be transferred to the Southern District of Indiana because
petitioner has sought relief under § 2255 in the sentencing
court on multiple occasions, and he has not obtained a
certification to file a second or successive motion from any
circuit court.

Petitioner purports to object to the PF&R, but he obviously
does not understand the objection process.   In his objections,
petitioner pleads "affirmative defenses" such as estoppel,
fraud, and illegality.  (Doc. No. 15).  All the while, the
actual findings of the PF&R go unaddressed.   The objections "do
not direct the court to a specific error in the magistrate's
[PF&R]" because they are "general and conclusory."  Orpiano v.
Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Such non-specific and
patently frivolous objections waive the right to a de novo
review.[1]  That said, the court has reviewed the PF&R, the record,
and the objections.   After this review, the court determines
that petitioner's objections are wholly meritless.   The court

---

[1] The court recognizes that petitioner is proceeding pro se and
therefore his filings are held to a less stringent standard than
if they were prepared by a lawyer.  Haines v. Kerner, 404 U.S.
519, 520-21 (1972).   Nonetheless, even under this liberal
standard, petitioner's supposed objections fail to warrant a de
novo review.

adopts the magistrate judge's succinct factual and legal analysis in its entirety.

Petitioner is quite obviously challenging the validity of his conviction and not matters pertaining to his "commitment or sentence" as required to file a petition under § 2241. See 28 U.S.C. § 2242. Petitioner presents no dispute as to the date of his commitment or calculation of his sentence. He simply complains of the alleged lack of federal enclave jurisdiction. As pointed out by the magistrate judge, petitioner has raised these same jurisdictional issues in multiple meritless Rule 60(b) motions. The Seventh Circuit Court of Appeals aptly called defendant's actions a "campaign of frivolous motions and appeals." United States v. Christopher L. Harris, Case No. 1:98-cr-00121-SEB-DKL (S.D. Ind.), Doc. No. 143 at 4.

Consequently, as determined by the magistrate judge, petitioner's claims are ones properly considered under 28 U.S.C. § 2255, rather than § 2241. Because motions under § 2255 must be filed in the sentencing court, jurisdiction is proper in the Southern District of Indiana. And because petitioner has proceeded on several occasions under § 2255 in the sentencing court and has not obtained certification to file a successive motion, the court will dismiss the petition rather than transfer it to the sentencing court.

Even if petitioner were properly challenging matters pertaining to his "commitment or detention" as required under § 2241, the court would still dismiss the petition.  The explicit terms of § 2255 state that a petition under § 2241 cannot be entertained unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The Fourth Circuit Court of Appeals has ruled that relief is inadequate or ineffective when:  "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."  In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).  The petitioner bears the burden of showing that relief under § 2255 is inadequate or ineffective.  Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (unpublished decision); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).  As stated by the magistrate judge, the petitioner "states no recognized basis to find that a motion under § 2255 is inadequate or ineffective."  (Doc. No. 14 at 4).

III. **Conclusion**

Accordingly, the court OVERRULES petitioner's objections to Magistrate Judge Eifert's PF&R.  The court adopts the factual and legal analysis contained within the PF&R; DENIES petitioner's petition and amended petition for writ of habeas corpus (Doc. Nos. 1, 6); DENIES petitioner's motion to compel production of documents (Doc. No. 3) as MOOT; DENIES petitioner's application to proceed without prepayment of fees and costs (Doc. No. 5); DENIES petitioner's notice of appeal and motion to alter or amend judgment (Doc. Nos. 9, 10) as no judgment existed that could have been appealed, altered, or amended at the time of those filings; DENIES petitioner's motion for preliminary injunction (Doc. No. 11) as MOOT;  and DISMISSES this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to petitioner, pro se.

IT IS SO ORDERED on this 13th day of November, 2013.

ENTER:

David A. Faber
Senior United States District Judge